UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DALE EWERS,<br><br>Plaintiff,<br><br>-against-<br><br>EMPIRE STATE RECOVERY FUND; EMPIRE STATE DEVELOPMENT CORPORATION,<br><br>Defendants. | 19-CV-4599 (CM)<br><br>19-CV-4600 (CM)<br><br>ORDER |
| DALE EWERS,<br><br>Plaintiff,<br><br>-against-<br><br>SEPTEMBER 11TH VICTIM COMPENSATION FUNDS,<br><br>Defendant. | |

COLLEEN MCMAHON, Chief United States District Judge:

Plaintiff is currently detained in the Pretrial Detention Center in Miami, Florida. He filed these two substantially similar complaints, invoking the "Zadroga Act 2001-2019 WTC 9/11 First Responder Victim Compensation Fund."

By order dated July 8, 2019, the Court dismissed Plaintiff's complaints, explaining that those injured as a result of the September 11 terrorist attacks may seek compensation either by filing administrative claims with the Victim Compensation Fund (VCF), or in the traditional manner by bringing lawsuits against defendants who they claim are legally responsible for their

injuries. *Graybill v. City of New York*, 247 F. Supp. 2d 345, 349 (S.D.N.Y. 2002). Suing the VCF or other administrative agency processing claims is not a means of obtaining benefits.[1]

In the order of dismissal, the Court noted that Plaintiff's allegations that he assisted at the World Trade Center site under a different name, birthdate, and social security number are confusing. Moreover, if Plaintiff filed an administrative claim, he has waived his right to file most types of lawsuits for his 9/11-related injuries, even if the VCF denied his claim. *Virgilio v. City of New York*, No. 03-CV-10156, 2004 WL 433789, at *1 (S.D.N.Y. Mar. 10, 2004), *aff'd*, 407 F.3d 105 (2d Cir. 2005). The Court does not provide judicial review of the VCF's determinations. *See, e.g.*, *Schneider v. Feinberg*, 345 F.3d 135, 148 (2d Cir. 2003). Even though Plaintiff's complaint gave no indication that he could state a valid claim against any of the named defendants, because he is proceeding *pro se*, the Court granted Plaintiff leave to amend his complaint within 30 days to cure its deficiencies.

Instead of filing an amended complaint, Plaintiff filed a "motion for immediate jury trial and/or court-ordered award of all damages" and a motion for a hearing. (ECF Nos. 7-8.) The Court denies the motions. Plaintiff cannot obtain the relief that he seeks in a lawsuit against the administrative agencies that process these claims. Unless Plaintiff files an amended complaint as set forth in the Court's July 8, 2019 order, the Court will direct the Clerk of Court to enter judgment in these actions.

## CONCLUSION

Plaintiff's motion (ECF No. 7) is denied. The Clerk of Court is directed to mail a copy of this order to Plaintiff, noting service on the docket. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in*

[1] The VCF is available online at www.vcf.gov or by telephone at 855-885-1555.

*forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 7, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge